Filed 10/9/13  P. v. Ruiz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058318 |
| v. | (Super.Ct.No. RIF1203302) |
| MANUEL ANTHONY RUIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea bargain, defendant and appellant Manuel Anthony Ruiz pleaded guilty to two counts of violating Penal Code section 288, subdivision (b)(1) (lewd and lascivious act on a child under age 14, by force, violence, duress, menace or fear), and

1

two counts of violating Penal Code section 288, subdivision (a) (lewd and lascivious act on a child under age 14). He received an agreed sentence of 19 years.

Defendant obtained a certificate of probable cause and filed a notice of appeal. We affirm.

FACTS AND PROCEDURAL HISTORY

At the change-of-plea hearing, the parties stipulated that the police report would provide a factual basis for the pleas. Local sheriffs received a report of possible child molestation from the victim's mother. The mother related that her daughter, nine-year-old Jane Doe, had attended a sleepover weekend at a friend's home. Defendant and his wife were the responsible adults at the home where Jane Doe was staying. While Jane Doe was asleep, defendant came into the room and awakened her. Defendant took Jane Doe onto his lap and began rubbing her between her legs. He asked her, "[d]oes it feel good?" Jane Doe attempted to close her legs, but defendant continued to push them apart. Defendant also put his hand inside Jane Doe's underwear and touched her vaginal area underneath her clothes.

Jane Doe also reported to her mother that defendant had taken his two children and Jane Doe to the movies the same weekend. During the show, Jane Doe accidentally spilled some candies on her lap; some fell onto the seat between her legs. Defendant helped retrieve the candies, using the opportunity to touch Jane Doe's vagina. When Jane Doe told defendant there were no more candies to clean up, he continued to touch her near her vagina, with what Jane Doe described as a "scratching" motion.

2

In the course of the investigation, officers arranged for the victim's mother to make some monitored "pretext" telephone calls to defendant. During the conversations, defendant admitted touching the victim inside her underwear. He agreed to meet with the victim's mother at her house.

When defendant arrived at the house, he was met by law enforcement officers; the officers told defendant that he was not under arrest, but they wished to talk to him about the incidents with Jane Doe. Defendant accompanied officers in an unmarked squad car. Defendant was not handcuffed. At the station, defendant was again advised that he was not under arrest, that he did not have to answer any questions, and that he was free to leave at any time. Defendant indicated that he understood, and thereafter he participated in the interview.

During the interview, defendant admitted molesting Jane Doe when she stayed overnight at his house. He recalled placing his hand inside her underwear and rubbing her vagina, though he denied penetrating her. He also described taking the children to the movie theater, when Jane Doe spilled candy on her lap. He helped pick up the spilled candy, but denied touching Jane Doe's vagina while cleaning up the candy. At the end of the interview, defendant wrote Jane Doe a letter of apology.[1] After this, when the investigating officer returned to the interview room, he informed defendant that he was

---

[1] The letter made no specific admissions as to any particular conduct. Defendant wrote that the victim was "a very special girl," and that she had done nothing wrong. "Sometimes grown[-]ups make mistakes and I made the biggest one that hurt you . . . ." Defendant stated, "I don't know what I was thinking to do something so stupid." He asked the victim to "forgive me for my actions."

under arrest, and read the *Miranda* warnings. In a further interview, defendant admitted touching Jane Doe both over and under her underwear.

As a result of these events, on June 28, 2012, defendant was initially charged with one count of violation of Penal Code section 288, subdivision (a) (lewd and lascivious act on a child under age 14), and one count of violation of Penal Code section 288.7, subdivision (b) (sexual penetration by a person over age 18, of a child age 10 or younger). The charge in count 2 carried a term of 15 years to life if defendant were convicted. (Pen. Code, § 288.7, subd. (b).)

At a hearing on February 8, 2013, the parties advised the court that they had reached a negotiated disposition. Because the offense in count 2 carried a life term, the parties had agreed to a disposition that would result in a determinate term. Accordingly, the complaint was amended orally to add four additional counts: counts 3 and 4 alleged violation of Penal Code section 288, subdivision (b)(1). Counts 5 and 6 alleged violation of Penal Code section 288, subdivision (a). Defendant's maximum exposure in pleading guilty to the new charges was 24 years, but the parties negotiated a sentence of 19 years. At first, defendant said that he did not realize that all four counts would be treated as strikes. However, he ultimately understood that, if he committed a new strike offense, he would be treated as a third striker, and that understanding did not change his position on the guilty plea.

Defendant had initialed and signed a plea agreement form memorializing the terms of the bargain. Defendant initialed the rights advisements, as well as advisements of the consequences of his plea. Defendant also initialed provisions to the effect that all

4

promises made to him were written on the form, or stated orally in open court, and that he had not been threatened or pressured to plead guilty. Defendant also expressly waived his right to appeal. The plea form expressly recited that defendant had been advised he was pleading to four strike offenses.

Defendant was sentenced in accordance with the plea agreement to a determinate term of 19 years on counts 3 through 6. Counts 1 and 2 were dismissed in the interest of justice.

About a month after the plea and sentencing, and notwithstanding his waiver of appeal, defendant filed a notice of appeal in the trial court. He averred that he had pleaded guilty "under extreme duress, with my attorney insisting that I would otherwise receive a '[l]ife' term of imprisonment." Defendant also stated that, "[m]y attorney was rude to me to the point of obvious bias and partiality. My attorney originally informed me that she was seeking a 1 year [*sic*] county jail commitment w/ 3 yr. [*sic*] probation. (Obvious incompetence as I ended up with 19 years in extreme contrast.) Evidence in the form of a [p]sychiatric [e]valuation, very 'favorable' to me which could have mitigated my sentence was not presented." Defendant acknowledged that the appeal was an attack on the validity of the plea and requested a certificate of probable cause, which the trial court granted. Defendant described the possible issues on appeal as:

"1) Ineffective assistance of [c]ounsel/[u]nethical behavior.

"2) Mitigating factors, i.e., 'favorable' psychiatric evaluation was not introduced at sentencing.

"3) Cruel and unusual punishment [r]e: [l]ength of [s]entence."

5

Pursuant to request, this court appointed counsel to represent defendant on appeal. Counsel has filed a brief under authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and a summary of the facts, but making no substantive arguments. Counsel has identified some potential issues for appeal (i.e., whether the factual basis stipulated in the police report supports conviction of forcible molestation, whether the facts support the charging and conviction of four separate counts—and, if not, whether counsel was incompetent in agreeing to this settlement—and whether the issuance of a certificate of probable cause negates defendant's waiver of his appeal rights), and requested this court to undertake a review of the entire record.

Defendant has been offered the opportunity to file a personal supplemental brief, which he has not done. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the record in its entirety and find no arguable issues. As to the suggestion that the stipulated facts in the police report were insufficient to support the charges, we disagree. The victim, Jane Doe, described incidents that had taken place on two different dates, once during an overnight "sleepover," and once at a movie theater. On both dates, defendant touched the victim both over and under her underwear. On one occasion, defendant persisted in pushing the victim's legs apart when she tried to resist him by closing her legs. On the other, defendant continued pushing his hand into the victim's vaginal area, using both "scratching" and in-and-out motions, after she told him there was no more candy to clean up. The evidence was sufficient to support four separate counts,

6

and two counts of forcible lewd and lascivious acts.  There was consequently no ineffective assistance of counsel in negotiating the agreed settlement.

Notwithstanding defendant's waiver of his appeal rights, his claim on appeal is that he accepted the plea bargain under duress; the acceptance of the bargain under duress naturally calls into question the basis of the bargain itself, and all of its terms, including the waiver of defendant's appeal rights.  (See *People v. Mitchell* (2011) 197 Cal.App.4th 1009, 1015 [To be enforceable, a defendant's waiver of the right to appeal must be knowing, intelligent, and voluntary.]; see also *People v. Panizzon* (1996) 13 Cal.4th 68, 80 [The voluntariness of a waiver is a question of law which appellate courts review de novo.].)

Defendant's notice of appeal, as we have already noted, set forth several possible grounds.  Defendant's claim of duress is without merit.  The charges defendant faced included an offense carrying an indeterminate term of 15 years to life—the "life" count to which defendant referred.  That his attorney told him of the risk of exposure to an indeterminate life sentence, if he went to trial, as opposed to the negotiated determinate term of 19 years (out of a maximum 24), did not constitute undue "duress."  That a defendant enters a plea "reluctantly" or "unwillingly," subject to the "persuasions" of counsel, while being correctly advised of the consequences of not entering a plea, does not mean that the plea was involuntary or unknowing.  (See *People v. Urfer* (1979) 94 Cal.App.3d 887, 892.)  Defendant's present claim also contradicts his plea form, on which he had initialed the statement that he had not been coerced or pressured into entering the plea.

7

The claims of ineffective assistance of counsel are also without merit. Defendant was referred for a psychological evaluation pursuant to Penal Code section 288.1, to determine his eligibility to have his sentence suspended.[2] As defendant notes, the report was favorable, in the sense that the evaluator opined that defendant was not a pedophile, he was not a danger to the community or to the victim, and he should be considered eligible for probation under the statute. However, counsel's inability to negotiate a minimal or probationary term does not demonstrate either that counsel's performance was deficient, or that defendant was prejudiced thereby. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694 [104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674].) The filed charges were extremely serious, and counsel was able to bargain for a determinate term on new charges of reduced severity. The failure to present the psychological evaluation at sentencing was of no moment, as the sentence itself was imposed in strict accordance with the negotiated bargain. The court was, presumably, fully aware at all times of the evaluator's confidential report, which had been filed pursuant to the court's order. Defendant's sentence of 19 years was not cruel and unusual for four strike sex offenses.

None of potential issues has arguable merit.

---

[2] Penal Code section 288.1 provides: "Any person convicted of committing any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years shall not have his or her sentence suspended until the court obtains a report from a reputable psychiatrist, from a reputable psychologist who meets the standards set forth in Section 1027, as to the mental condition of that person."

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____

J.

We concur:

HOLLENHORST _____

Acting P. J.

MILLER _____

J.

9