Filed 2/23/23  P. v. Rodriguez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTURO MURGUIA RODRIGUEZ,<br><br>    Defendant and Appellant. | H049398<br>(Monterey County<br>Super. Ct. No. 19CR012872) |

Defendant Arturo Murguia Rodriguez pleaded no contest to three sex crimes against children.  On appeal, Rodriguez contends that his case should be reversed and remanded for resentencing in light of recent amendments to Penal Code section 1170, subdivision (b)[1] by Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3).  We affirm.

## I. PROCEDURAL BACKGROUND[2]

On April 5, 2021, Rodriguez pleaded no contest pursuant to a plea agreement to forcible rape (§ 261, subd. (a)(2); count 1), lewd act upon a child under 14 years of age (§ 288, subd. (a); count 4), and assault with intent to commit a felony rape, sodomy, or oral copulation upon a child under 18 years of age (§ 220, subd. (a)(2); count 7) in exchange for dismissal of the remaining counts in the information and a stipulated sentence of 15 years.  Rodriguez also admitted an allegation that he committed the rape

---

[1] Undesignated statutory references are to the Penal Code.

[2] We have omitted the facts of the offense because they are not relevant to the analysis and disposition of this appeal.

alleged in count 1 upon a child under the age of 14 pursuant to section 264, subdivision (c)(1), which increased the available sentencing range for count 1 to 9, 11, or 13 years. As a factual basis for the plea, the prosecutor and defense counsel stipulated to the police reports and preliminary hearing transcripts from the two different cases related to the investigation of the charged offenses. The court asked Rodriguez if he agreed with counsels' stipulation as to the factual basis, and he stated that he did. The plea agreement provided, "I agree there is a factual basis for the plea and that I am responsible for committing each element of each crime to which I plead guilty or no contest and of each special allegation I admit." On July 8, 2021, the court imposed the stipulated sentence, consisting of the upper term of 13 years on count 1, a consecutive two-year term on count 4, which was one third of the middle term, and a concurrent middle term of seven years on count 7. Rodriguez timely appealed.

After this case was fully briefed, we requested supplemental briefing from the parties on the applicability of *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted Dec. 14, 2022, S277314 (*Mitchell*),[3] to the issue before us. We have considered that briefing in our analysis here.

## II. DISCUSSION

Rodriguez argues that he is entitled to remand for resentencing in light of Senate Bill No. 567, which amended section 1170, subdivision (b). The Attorney General contends that although Senate Bill No. 567's amendments to section 1170, subdivision (b) apply retroactively here, remand is not required because Rodriguez stipulated to imposition of the upper term as part of his plea bargain in this case. Consistent with our decision in *People v. Todd* (Feb. 15, 2023, H049129) _ Cal.App.5th _ [2023 WL

---

[3] Because our Supreme Court granted review in *Mitchell*, we cite it "for its persuasive value." (See Standing Order Exercising Authority Under California Rules of Court, Rule 8.1115(e)(3), Upon Grant of Review or Transfer of a Matter with an Underlying Published Court of Appeal Opinion, Administrative Order 2021-04-21; Cal. Rules of Court, rule 8.1115(e)(3) and corresponding Comment, par. 2.).

2016086] (*Todd*), we conclude that section 1170, subdivision (b) applies retroactively even where the defendant agreed to the upper term as a result of a negotiated disposition. However, we find any error here harmless and affirm the judgment.

### A.      *Appellate Waiver and Estoppel*

As a threshold matter, the Attorney General contends that Rodriguez's challenge to his sentence is not reviewable because he entered into an appellate waiver as part of his negotiated plea bargain in this case.

Rodriguez signed a plea form purportedly waiving "all rights regarding state and federal writs and appeals," including "the right to appeal [his] conviction, the judgment, or any other orders previously issued by this court." For the purposes of appellate waiver analysis, this language sets forth a nonspecific, general waiver. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 85, fn. 11.) A general waiver of appeal "does not preclude an appeal from an unforeseen error that occurs after the waiver is entered because such a waiver is not knowing and intelligent," and that same rule applies where "the 'error' is a ruling contravened by a subsequent change in law." (*People v. Castellanos* (2020) 51 Cal.App.5th 267, 272.) "While we construe plea agreements according to general contract principles, a plea is generally deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws." (*Ibid.*, citing *Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Doe*).) That the parties enter into a plea agreement does not have the effect of insulating them from the changes in the law that the Legislature has intended to apply to them. (*Doe*, at p. 66.)

Rodriguez's appellate waiver could not be knowing, intelligent, and voluntary as to the changes effected by Senate Bill No. 567 because those changes took place after Rodriguez executed the waiver, and after the court imposed sentence in his case. (See § 1016.8, subd. (a)(1) ["plea agreements are deemed to incorporate the reserve power of the state to amend the law or to enact additional laws for the public good" and "[t]hat that parties enter into a plea agreement does not have the effect of insulating them from

3

changes in the law that the Legislature has intended to apply to them"]; *People v. French* (2008) 43 Cal.4th 36, 48.)  Accordingly, we determine that Rodriguez has not waived his right to appeal this claim.

The Attorney General additionally argues that Rodriguez is estopped from challenging his sentence because he received the benefit of his bargain when the court sentenced him to the sentence he agreed upon as part of the plea bargain.  In support of this argument, he cites *People v. Couch* (1996) 48 Cal.App.4th 1053, 1057 where this court held that where a defendant received a benefit in return for agreeing to accept a specified sentence, he was estopped from pursuing an appeal of the trial court's imposition of the sentence he had agreed to accept.

Here, Rodriguez is not estopped from pursuing his claim because he is not challenging the validity of his sentence.  Instead, he is seeking the retroactive application of a subsequently-enacted ameliorative provision.  (Cf. *People v. Stamps* (2020) 9 Cal.5th 685, 696 (*Stamps*) [determining that a certificate of probable cause was not required because defendant was not challenging the validity of the plea but instead was seeking application of a later-enacted sentencing provision].)

Because Rodriguez's pursuit of this claim is not barred by an appellate waiver or prohibited by the principles of estoppel, we now turn to the merits of his claim.

**B.** *Application of Senate Bill No. 567*

1. *Amended Section 1170, Subdivision (b) Applies Retroactively*

At the time of Rodriguez's sentencing, section 1170, subdivision (b) provided that the choice between sentencing a defendant to the lower, middle, or upper term "shall rest within the sound discretion of the court."  (See former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 14.)  Effective January 1, 2022, Senate Bill No. 567 amended section 1170 to make the middle term the presumptive sentence.  (*People v. Flores* (2022) 75 Cal.App.5th 495, 500 (*Flores*); § 1170, subd. (b)(1).)  As amended by Senate Bill No. 567, section 1170, subdivision (b)(2) provides that the trial court may impose a

4

sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Section 1170, subdivision (b)(3) additionally provides that "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

Rodriguez's case was not final when the amendments to section 1170 effectuated by Senate Bill No. 567 took effect. We agree with the parties that Rodriguez is entitled to retroactive application of the amended statute because it is an ameliorative change in the law and there is nothing to indicate that the Legislature intended the change to apply only prospectively. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *In re Estrada* (1965) 63 Cal.2d 740, 745.)

2. *Amended Section 1170, Subdivision (b) Applies Despite Rodriguez's Negotiated Sentence*

Although amended section 1170, subdivision (b) is retroactive in Rodriguez's case, we must also determine whether Rodriguez is entitled to any benefit of the amended statute because his upper term sentence was the result of a negotiated disposition. Relying on *Mitchell*, *supra*, 83 Cal.App.5th 1051, the Attorney General argues that Rodriguez is not entitled to the ameliorative effect of section 1170, subdivision (b), and that the trial court would be precluded from imposing any sentence other than the negotiated upper term of the sentencing triad were the matter remanded. The court in *Mitchell* adopted the same argument advanced by the Attorney General in this case and held that Senate Bill No. 567's amendments to section 1170, subdivision (b) are not applicable where a defendant received an upper-term sentence based upon a negotiated plea bargain. (*Mitchell*, *supra*, at pp. 1057-1059.) The court reasoned that the amended

5

statute did not apply to sentences imposed pursuant to a stipulated plea agreement because the trial court had not exercised triad sentencing discretion in selecting the sentence. (*Id.* at p. 1058.)

In *Todd* we disagreed with the rationale of *Mitchell*, concluding instead that absent the finding and articulation of facts underlying circumstances in aggravation, stipulated to by a defendant or found true beyond a reasonable doubt by a factfinder, or a valid waiver of those new requirements, "the imposition of the aggravated term is outside the discretion of the sentencing court under newly-amended section 1170, subdivision (b)." (*Todd*, *supra*, _ Cal.App.5th at [p. 3].) We noted further the necessity to reconcile the newly-enacted section 1170, subdivision (b) under the circumstances of a plea bargain with the Legislature's passage in 2019 of section 1016.8. (*Todd*, *supra*, _ Cal.App.5th at [p. 3].) Section 1016.8 codified the California Supreme Court's holding in *Doe, supra*, 57 Cal.4th 64, that "plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good." (§ 1016.8, subd. (a)(1).) The statute states further that "[a] plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments . . . that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) We concluded in *Todd* that under section 1016.8, the fact that the parties entered into a plea agreement that was accepted by the sentencing court did not have the effect of insulating the parties from the retroactive changes enacted by Senate Bill No. 567. (*Todd*, _ Cal.App.5th at [p. 3], citing § 1016.8, subd. (a)(1).) We found persuasive the Legislature's failure to limit the retroactive effect of this legislation, which indicated both its intent that the parties be bound by its amendment to the sentencing provision and that section 1016.8 be honored. (*Ibid*.)

Finally, in *Todd* we determined that *Stamps*, *supra*, 9 Cal.5th 685 was instructive on the question of whether an appellant whose upper-term sentence was imposed as the result of a negotiated disposition is entitled to the ameliorative effect of Senate Bill No.

567's new sentencing provisions. (*Todd*, *supra*, _ Cal.App.5th at [p. 4].) In *Stamps*, the defendant, who had pled guilty in exchange for a specified term, requested remand so that the trial court could consider striking his serious felony prior conviction under newly-amended section 1385, subdivision (a), which went into effect while his appeal was pending. (*Id.* at p. 692.) Although Stamps admitted to the five-year prior conviction as part of a negotiated disposition, because the new provision applied retroactively on appeal, the Supreme Court determined that he should be given the opportunity to seek the court's exercise of its newly-authorized discretion under the amended section 1385. (*Id.* at p. 707.) Despite the distinctions between the ameliorative statutes at issue in the two cases, we concluded that that there was no reason to treat the situation in *Todd* differently from the one in *Stamps*. (*Todd*, _ Cal.App.5th at [p. 4]). As in *Stamps*, a defendant in this position would be entitled to remand, absent a showing of harmlessness.

For the reasons set forth in *Todd*, we conclude that Rodriguez's sentence to the aggravated term as a condition of his negotiated plea agreement does not negate the requirements imposed on the court by amended section 1170, subdivision (b), which is retroactively applicable to him. The trial court sentenced Rodriguez to the upper term based solely on the fact that the sentence was a term of his negotiated plea agreement. It did not state on the record that it relied upon any aggravating factors when sentencing Rodriguez to that term. Because the court's imposition of the aggravated term does not comply with the requirements of section 1170, subdivision (b), as amended by Senate Bill No. 567, remand for resentencing is necessary, in the absence of harmlessness, for the trial court to comply with the new mandates of section 1170, subdivision (b).

## C.     *Harmlessness*

The Attorney General argues that even if Rodriguez is entitled to relief under Senate Bill No. 567, remand is not required because any error was harmless. Citing *People v. Berdoll* (2022) 85 Cal.App.5th 159 (*Berdoll*), the Attorney General contends

7

that remand is not necessary because any jury would have found at least one aggravating factor here beyond a reasonable doubt.

In *Berdoll*, the appellant pleaded no contest to 25 counts involving sexual abuse of minors after the trial court stated that it intended to sentence him to an upper term on one count and run all the other sentences concurrently if he pleaded guilty or no contest. (*Berdoll*, *supra*, 85 Cal.App.5th at p. 162.) At the change of plea hearing, the court noted two aggravating factors that supported its indicated sentence. (*Ibid.*) At the sentencing hearing, the trial court revised upward its previously indicated sentence, and listed an additional aggravating factor. (*Ibid.*) Berdoll declined to withdraw his plea, and the trial court imposed the revised indicated sentence, which was made up of an upper-term sentence on one count, consecutive sentences on two other counts, and concurrent, upper-term sentences on all remaining counts.

On appeal, after determining that the amendment to section 1170, subdivision (b) effected by Senate Bill No. 567 applied retroactively to Berdoll, the court addressed the question of whether remand was required by discussing the harmlessness analysis set forth in *Flores*, *supra*, 75 Cal.App.5th 495. (*Berdoll*, *supra*, 85 Cal.App.5th at p. 139.) In *Flores*, the court concluded that remand was not required under Senate Bill No. 567 where a trial court has imposed an upper-term sentence " '[i]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-the-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury.' " (*Flores*, at p. 500, quoting *People v. Sandoval* (2007) 41 Cal.4th 825, 839.) At Flores's sentencing, which took place after a jury trial, the trial court listed several aggravating factors, including the defendant's numerous prior convictions as an adult. (*Flores*, at p. 500.) In determining that remand for resentencing was unnecessary, the court in *Flores* stated that it was satisfied that the jury would have found true at least one aggravating circumstance.

8

The *Berdoll* court applied the harmlessness standard from *Flores* and determined that remand was not necessary. The court concluded that while "the contested issues were not tried by a jury and the sentencing issues were determined by the trial judge," any jury would have found at least one of the aggravating factors beyond a reasonable doubt. (*Berdoll*, *supra*, 85 Cal.App.5th at p. 164.) The court also noted that Berdoll had stipulated to a factual basis for the plea based on the police reports, which "contained the uncontradicted foundation for the findings of aggravating sentencing factors." (*Ibid.*) The aggravating factors listed by the trial judge, including that the crimes involved young, prepubescent girls and that his crimes represented a violation of trust that persisted over a long period, were ones which the reviewing court determined "were amply supported" by the police reports and clearly articulated by the trial court. (*Ibid.*)

Here the court sentenced Rodriguez to a stipulated upper term, and consequently did not articulate any findings as to any aggravating factors that supported the sentence. The Attorney General contends that under *Berdoll*, remand is not required because, given that Rodriguez stipulated to the preliminary hearing transcripts as the factual basis for his plea, there was undisputed evidence of several aggravating circumstances, such that a jury would have found them true beyond a reasonable doubt. Rodriguez argues that the error in failing to apply amended section 1170, subdivision (b) is not harmless because his stipulation to the factual basis for the plea did not constitute an admission to any aggravating factors.

We need not resolve this dispute because we conclude that there is adequate proof of an aggravating factor that does not depend upon a stipulation to the factual basis contained in the police reports or preliminary examination transcript. Applying the standard from *Berdoll*,[4] we conclude, beyond a reasonable doubt, that a jury, applying the

_____

[4] We recognize that in *People v. Lopez* (2022) 78 Cal.App.5th 459 (*Lopez*), a court adopted a two-step approach to evaluating prejudice in an appeal, after a jury trial, that evaluated harmlessness in the retroactive application of amended section 1170,

9

beyond-a-reasonable-doubt standard, would have found true that Rodriguez "was convicted of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences are being imposed," because at sentencing the trial court imposed a concurrent term on count 7. (Cal. Rules of Court, rule 4.421(a)(7); see *Berdoll*, *supra*, 85 Cal.App.5th at p. 163.) Rodriguez was convicted in count 1 of violating section 261, subdivision (a)(2), and he was convicted in count 7 of violating section 220, subdivision (a)(2). These two counts involved different victims, Jane Doe 1 and Jane Doe 3. Section 667.6, subdivision (d)(1) states that "[a] full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims." (§ 667.6, subd. (d)(1).) Rodriguez's convictions in count 1 for rape of Jane Doe 1 in violation of section 261, subdivision (a)(2), and in count 7 for assault with intent to commit a felony, to wit, rape, sodomy, or oral copulation in violation of section 220 upon Jane Doe 3, a child under 18 years of age, are qualifying convictions under section 667.6, subdivision (e)(1) and (9). In the absence of the plea agreement reached by the parties in this case, Rodriguez would have been subject to a mandatory consecutive sentence for count 7. Therefore, the record here contains proof beyond a reasonable doubt of the aggravating factor that Rodriguez was convicted of a crime for which a consecutive sentence could have been imposed but for which a concurrent sentence was imposed. We thus conclude that remand for resentencing to apply amended section 1170, subdivision (b) is unnecessary in this case.

---

subdivision (b). (See *Lopez*, 78 Cal.App.5th at p. 467, fn. 11 [error is harmless if the "reviewing court can conclude beyond reasonable doubt that a jury would have found true beyond a reasonable doubt *all* of the aggravating factors on which the trial court relied"; if not, the reviewing court must then determine whether it is reasonably probable the "trial court would nevertheless have exercised its discretion to select the upper term if it had recognized that it could permissibly rely on only a single one of the aggravating factors, a few of the aggravating factors, or none of the aggravating factors, rather than all of the factors on which it previously relied"], italics in original.) We determine that whether we apply the *Berdoll* analysis, or that in *Lopez*, the imposition of a concurrent sentence in count 7 renders any error harmless.

10

Because the error in failing to apply amended section 1170, subdivision (b) was harmless, we will affirm the judgment.

### III. DISPOSITION

The judgment is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
 Lie, J.


_____
 Wilson, J.


H049398
People v. Rodriguez