Filed 2/2/24  P. v. Garcia CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098251 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE004756) |
| v. | |
| JOE RAYMOND GARCIA, | |
| Defendant and Appellant. | |

Defendant Joe Raymond Garcia pleaded no contest to felony driving with a blood-alcohol content of 0.08 percent or more and causing great bodily injury while speeding. He also admitted two sentencing enhancements:  personally inflicting great bodily injury and personally inflicting great bodily injury resulting in paralysis.  Consistent with the terms of his plea agreement, the trial court sentenced defendant to 10 years in state prison.

1

Defendant's sole claim on appeal is that the trial court erred by refusing to dismiss one of his two sentencing enhancements. The People contend defendant's claim is barred on multiple grounds: (1) failure to obtain a certificate of probable cause, (2) waiver, and (3) forfeiture. We agree defendant failed to preserve his claim in the trial court and will affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

On November 8, 2020, after drinking alcohol at a bar, defendant drove his Chevy Silverado at approximately 68-72 miles per hour in a 35-mile-per-hour zone. Defendant crashed his Silverado into the back corner of a stopped Toyota Tacoma, forcing the Tacoma off the road into a fence and a guardrail. Jesus and Leticia A., who were inside the Tacoma, were both taken to the hospital. As a result of the crash, Leticia suffered a concussion and a lower back fracture; Jesus was paralyzed from the neck down.

The People charged defendant with driving while under the influence of alcohol and causing bodily injury (Veh. Code, § 23153, subd. (a) – count one); driving while having a blood-alcohol content of 0.08 percent or more causing great bodily injury (Veh. Code, § 23153, subd. (b) – count two); and hit and run involving serious injury (Veh. Code, § 20001, subd. (b)(2) – count three). Related to counts one and two, the People alleged defendant drove at a speed greater than is reasonable or prudent (Veh. Code, § 22350) and refused a chemical test (Veh. Code, § 23578). Appended to all counts were sentencing enhancement allegations that defendant personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a); statutory section citations that follow are found in the Penal Code unless otherwise stated) and personally inflicted great bodily injury resulting in paralysis (§ 12022.7, subd. (b)). As aggravating factors, the People also alleged that defendant's "crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness in violation of [California Rules of Court,] [r]ule 4.421(a)(1)."

2

Defendant pleaded no contest to driving with a blood-alcohol content at or above 0.08 percent and causing bodily injury while speeding. He also admitted both sentencing enhancements to be true. In exchange for defendant's plea, the People agreed to a sentencing lid of 10 years in state prison and dismissal of the remaining charges and allegations.

Prior to sentencing, defendant submitted a statement in mitigation to the court. In his statement, defendant argued for probation. He argued, in the alternative, for the middle term. He asked the trial court to "use S[enate] B[ill No.] 81 and . . . section 1385 to strike the enhancements in this matter." The enhancements alone, he argued, added up to more time in prison than the crimes themselves: "S[enate] B[ill No.] 81 is designed for use in this case especially when he has no criminal history and the support of family, was hardworking, and the facts show no malice or intent . . . ."

At the sentencing hearing on March 24, 2023, defendant continued to argue for probation. If not probation, defendant argued he should be sentenced to no more than "2.8 years in prison." Defendant renewed his argument that "S[enate] B[ill No.] 81" applies: "I know there are factors the Court has to go through, and the way I look at the code is of what it's trying to do. It's trying to say that when the enhancements are so large versus the crime itself that maybe courts can start striking them."

The court denied defendant's request for probation, finding probation would not be "just," and sentenced him to an aggregate term of 10 years in state prison. The court explained that "yes, in mitigation you have no record, but you know what's aggravating on your side of the ledger is you have so many people here that love and support you that would have done anything to keep you out of that car that night. You're 38 years old. If you're a 20-year-old, it's a different story, but you're a grown man. You had other options that night, and so I do [*sic*]. I understand I have the discretion under new laws passed by our Legislature, but I'd like the Legislature to sit here in this courtroom and look at the carnage and look at the damage that's been done here and ask themselves,

would you honestly think it would be the appropriate thing to do to let [Jesus] leave this courtroom in a wheelchair unable to scratch his nose and because [defendant] has no record and because he has shown remorse and because the enhancements are larger than the underlying crime – maybe that's the problem. Maybe the underlying crime triad is not enough. That's the other way to look at it. But I'm not the Legislature. I only enforce the laws to the best of my ability."

The court thus found the aggravating factors outweighed any factors in mitigation: "you're 38 years old and you have such a great support system and you had so many other options, I think the fact that you were at .21 blood alcohol level – that is just mind-blowingly drunk – the fact that you were speeding in a 35-mile-an-hour zone between 68 and 72 miles an hour, so you not only endangered [this] family, you endangered everybody else out there, so I think that's actually way more aggravating than all the mitigating circumstances that I have considered." In short, the court ruled, "this was not an accident. There were decisions that you made and you need to pay the consequences."

Defendant appeals from the judgment without a certificate of probable cause.

## DISCUSSION

Defendant claims the trial court erred when it refused to strike one of his enhancements pursuant to section 1385, subdivision (c). In response, the People argue defendant's claim is barred either because he did not obtain a certificate of probable cause, defendant waived the claim by agreeing the court had authority to impose a 10-year sentence without limitations, or the claim was forfeited.

Whether a certificate of probable cause is required, or defendant waived the claim by entering into the plea agreement, we agree defendant's claim on appeal was forfeited.

Under section 1237.5, "an appeal may not be taken after a plea of guilty or no contest unless the defendant has filed a statement showing reasonable grounds for appeal and the trial court has executed and filed a certificate of probable cause. This

4

requirement does not apply, however, if the appeal is based upon grounds that arose after entry of the plea and that do not affect the validity of the plea." (*People v. French* (2008) 43 Cal.4th 36, 43.) To determine " 'whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: "the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is in substance a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5.' " (*Id*. at p. 44.)

Here, defendant argues that "where public safety is not endangered, the trial court relinquishes discretion." In other words, without a finding of danger to the public, the court lacked the authority to impose the maximum agreed-upon term. Such a challenge *may* require a certificate of probable cause. (See *People v. Stamps* (2020) 9 Cal.5th 685, 694-695 [in certain contexts, claims that seek to avoid a term of the plea agreement can be viewed as a challenge to the validity of the plea itself]; see also *People v. Shelton* (2006) 37 Cal.4th 759, 770-771.) We need not resolve this issue, however, because whether or not a certificate or probable cause is required for defendant to pursue this appeal, defendant did not preserve his claim.

"When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain." (*People v. Couch* (1996) 48 Cal.App.4th 1053, 1057.) "[D]efendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

Had defendant been convicted of all the charges and enhancement allegations, he faced a maximum term of 12 years eight months in state prison. The agreed-upon 10-

year-lid, thus resulted in a more than two-year reduction in his sentence. Importantly, at the time defendant entered into his plea agreement, the relevant changes to section 1385 had been in effect for a year. (Stats. 2021, ch. 721, § 1.) Defendant nevertheless agreed to the 10-year sentencing lid without an agreement that the trial court was precluded from imposing that lid unless it found a shorter sentence would result in danger to the public. In so doing, defendant, charged with knowing of the relevant changes to section 1385 waived the claim he is now raising on appeal when he made his plea agreement. (*Hester, supra,* 22 Cal.4th at p. 295.)

Moreover, whether defendant's claim is otherwise barred, he forfeited his right to raise the claim on appeal by failing to raise it first in the trial court. " 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons." ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.)

In his statement in mitigation, defendant referenced Senate Bill No. 81. He raised it again at the sentencing hearing, and the trial court noted its discretion to strike enhancements under section 1385, as amended by Senate Bill No. 81. At no time, however, did counsel argue the court was required to make a finding of danger to the public if it intended not to strike an enhancement as he argues now on appeal. Nor did counsel object when the trial court imposed the 10-year-lid. Because defendant did not raise this objection in the trial court, defendant has forfeited the claim on appeal.

6

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:


_____

MESIWALA, J.


_____

WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.