[No. H013659. Sixth Dist. Aug. 19, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM R. COUCH, Defendant and Appellant.

[No. H014452. Sixth Dist. Aug. 19, 1996.]

In re COUCH on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part B.

## COUNSEL

Randy Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MIHARA, J.**—Defendant pled no contest to a single count of forgery (Pen. Code, § 470) and admitted an allegation that he had suffered a prior serious felony conviction within the meaning of Penal Code section 667, subdivisions (b) to (i) pursuant to a plea bargain under which he agreed to accept a 32-month state prison sentence. Although the court imposed the agreed sentence, defendant filed an appeal asserting that the court "committed sentencing error." He claims that (1) the court erred in sentencing him under Penal Code section 667, subdivisions (b) to (i) because his prior conviction was incurred prior to the enactment of this statute, (2) the court had and failed to exercise discretion to strike the prior conviction allegation, (3) Penal Code section 667, subdivisions (b) to (i) was not in effect at the time of his offense because it was improperly enacted as urgency legislation, and (4) Penal Code section 667, subdivisions (b) to (i) violates equal protection because it restricts conduct credits for those sentenced under its provisions. Defendant also filed a petition for a writ of habeas corpus in which he asserted that his trial counsel was prejudicially ineffective because she (1) failed to advise him that the prosecution would not be able to prove the prior conviction allegation at trial, and (2) incorrectly advised him that he could admit the allegation and challenge its propriety on appeal. We affirm the judgment, but we issue an order to show cause on the petition.

### PROCEEDINGS BELOW

The facts of defendant's criminal conduct are not material to his appellate contentions. Defendant was charged by information with forgery (Pen. Code,

§ 470) and petty theft (Pen. Code, §§ 484, 488), and it was alleged that he had suffered a prior serious felony conviction within the meaning of Penal Code section 667, subdivisions (b) to (i). Defendant agreed to enter a plea of no contest to the forgery count, admit the prior conviction allegation and accept a 32-month state prison term in return for dismissal of the petty theft count and the court's agreement to impose no additional state prison time for unrelated narcotics counts for which defendant had been on probation at the time of the forgery and theft offenses. Before defendant entered his plea, the court elicited defendant's waiver of his right to a jury trial. "Q [by the court]. All right. Mr. Couch, I'm going to advise you of your basic constitutional rights and ask you if you want to waive or give up those rights to plead no contest to count one and to admit this prior serious felony conviction. [¶] The first right you give up, sir, is your right to a jury trial. Do you understand that? [¶] A [by defendant]. Yes. [¶] Q. Do you at this time give up that right? [¶] A. Yes." The court also obtained specific waivers of defendant's other constitutional rights. Defendant thereafter pled no contest to the forgery count and admitted the prior serious felony conviction allega-tion. The court accepted defendant's plea and admission, dismissed the petty theft count and imposed the agreed 32-month state prison sentence. Defend-ant did not obtain a certificate of probable cause. He filed a timely notice of appeal asserting that the court "committed sentencing error." Defendant also filed a petition for a writ of habeas corpus in which he alleged that his trial counsel had been prejudicially ineffective. In the interest of judicial econ-omy, we consider the appeal and petition together.

## ANALYSIS

### A. Plea Agreement for Specific Sentence Precludes Appellate Claims Alleging "Sentencing Error"

 Defendant did not obtain a certificate of probable cause, and his notice of appeal states that his appeal is limited to claims that the court "committed sentencing error." The Attorney General argues that defendant should not be permitted to challenge his sentence because he agreed to accept it as a part of the plea bargain. We agree.

 "Where defendants have pleaded guilty in return for a *specified sentence*, appellate courts are not inclined to find error even though the trial court acts in excess of jurisdiction in reaching that figure, as long as the court does not lack *fundamental jurisdiction*. . . . The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to 'trifle with the courts' by attempting to better the bargain through the appellate process." (*People* v. *Nguyen* (1993) 13

Cal.App.4th 114, 122-123 [16 Cal.Rptr.2d 490], citations omitted, italics added.) "Where a court is merely acting in excess of its jurisdiction, the defendant who agrees to such actions may be estopped later from challenging the court's actions on jurisdictional grounds." (*People* v. *Jones* (1989) 210 Cal.App.3d 124, 136 [258 Cal.Rptr. 294].)

■■■ Defendant does not claim that the trial court lacked "fundamental jurisdiction" to impose the 32-month state prison term. Instead, he claims that he was not estopped from challenging the court's sentencing decision because the issues raised on appeal "concern a matter of importance" and the alleged "sentencing" errors do not involve "a statute which was enacted for the benefit of criminal defendants." We do not believe that the alleged "importance" of the issues raised by defendant on appeal is relevant to a determination as to whether defendant is estopped from making such contentions. The alleged "importance" of defendant's appellate claims will not prevent the imposition of an estoppel if one is justified. In both *Jones* and *People* v. *Otterstein* (1987) 189 Cal.App.3d 1548 [235 Cal.Rptr. 108], the appellate courts concluded that the defendants were estopped from challenging their sentences on appeal after entering into plea bargains for specified sentences below. Those courts noted that the defendants' plea agreements had necessarily included waivers of their rights under rules designed to benefit "defendants as a class." (*Otterstein, supra,* at p. 1551.) Defendant claims that he should not be estopped from challenging his sentence because his contentions *do not* rest on rules designed to benefit criminal defendants and therefore the rationale of *Jones* and *Otterstein* is inapplicable. We disagree.

We can see no reason to restrict the above stated policy to alleged trial court violations of *statutes designed to benefit criminal defendants*. The fact that a defendant has received a benefit in return for agreeing to accept a specified sentence is itself sufficient to estop that defendant from later seeking to unfairly supplement this benefit by mounting an appellate attack on the trial court's imposition of the specific sentence which the defendant agreed to accept. In the absence of a certificate of probable cause, such a defendant will usually not be able to make *any* appellate challenge to the judgment. The nature of the alleged error is important only in determining whether it supports the implication that the defendant waived the alleged error by accepting the plea bargain. When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.

In this case, each of defendant's appellate contentions essentially involves a claim that the trial court erred by failing to sentence him under Penal Code

section 1170 rather than Penal Code section 667, subdivisions (b) to (i). Defendant claims that his prior conviction did not qualify for treatment under Penal Code section 667, subdivisions (b) to (i) because it was incurred prior to the enactment of these provisions. Essentially, this is a claim that he should have been sentenced under Penal Code section 1170. Defendant asserts that the trial court failed to exercise its discretion to strike the prior conviction allegation or finding. The benefit of striking the allegation or finding would be that defendant would have been sentenced under Penal Code section 1170. He argues that Penal Code section 667, subdivisions (b) to (i) was not in effect at the time of his offense. Again, this is a claim that he should have been sentenced under Penal Code section 1170. Finally, he claims that equal protection bars any limitation on his eligibility to earn worktime credit against his term. This claim is basically that he was entitled to be treated the same as those prisoners sentenced under Penal Code section 1170.

Thus, each of defendant's appellate contentions comes down to a claim that he was entitled to the benefit of being sentenced under Penal Code section 1170. By accepting a plea bargain for a specific term which included an admission of a prior conviction allegation which would necessarily result in defendant being sentenced under Penal Code section 667, subdivisions (b) to (i) rather than Penal Code section 1170, defendant obtained the benefit of limiting his sentence to 32 months. Even if his contentions were correct and he was required to be sentenced under Penal Code section 1170, the trial court could have imposed a sentence greater than 32 months. The court was authorized to impose as much as a 36-month term for the forgery count alone, and a consecutive sentence could have been imposed for the narcotics counts after revocation of defendant's probation. (Pen. Code, § 18.) Furthermore, when viewed in this context, Penal Code section 1170 is a statute designed to benefit criminal defendants by limiting the sentence which may be imposed.

Accordingly, defendant must be estopped from challenging his sentence because he agreed to accept it and thereby waived the alleged errors which he now claims occurred.[1]

### B. *Petition for Writ of Habeas Corpus**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[1]Although defendant claims that it is unfair to estop him from challenging the sentence because "respondent did not bargain fairly with appellant," there is no evidence in the appellate record to support this contention.

*See footnote, *ante,* page 1053.

## CONCLUSION

The judgment is affirmed. However, because defendant has made a prima facie showing that his trial counsel was prejudicially deficient, we hereby issue an order to show cause, returnable before the Superior Court of Santa Clara County, directing the superior court to hold an evidentiary hearing on this issue.

Cottle, P. J., and Bamattre-Manoukian, J., concurred.