Filed 1/15/14  P. v. Anderson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C070666 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR82532) |
| v. | |
| BRIAN MICHAEL ANDERSON, | |
| Defendant and Appellant. | |

Defendant Brian Michael Anderson contends the trial court erred when, as part of his plea bargain, it sentenced him to custody in the state prison instead of the county jail under the realignment law.  We conclude defendant forfeited and waived this contention by failing to object in the trial court and by expressly agreeing to the terms of the plea bargain.  Except to order correction of a criminal conviction assessment, we affirm the judgment.

1

FACTS

The prosecutor charged defendant with vehicle theft, a felony, and driving without a license, a misdemeanor. (Veh. Code, §§ 10851, subd. (a), 12500, subd. (a).) Defendant initially pleaded guilty to the theft count in exchange for probation and dismissal of the misdemeanor. A probation report disclosed defendant had previously been convicted in Washington of three counts of "[r]esidential burglary, a felony," and one count of "[f]irst degree burglary, a felony." After reviewing the report and addressing the prior convictions with defendant, the court ordered the probation department to prepare a supplemental report addressing sentencing pursuant to Penal Code section 1170, subdivision (h), the realignment legislation.

In its supplemental report, the probation department recommended defendant be sentenced to a state prison term. It did so because under realignment, a defendant is not eligible to serve a felony sentence in a county jail if he has a prior felony conviction in another jurisdiction for an offense that has all the elements of a serious felony or violent felony under California law. (Pen. Code, § 1170, subd. (h)(3).)

After receiving this report, defendant moved to withdraw his plea. The prosecutor did not contest the motion. However, he stated the Washington felonies, based on his preliminary research, would not constitute strikes in California. The court granted defendant's motion, and shortly thereafter defendant pleaded not guilty.

Three weeks later, defendant again pleaded guilty to the vehicle theft charge, this time in exchange for a 16-month sentence to be served in the county jail under realignment, and a dismissal of the other charge. The probation department, however, again recommended the court sentence defendant to state prison under the realignment law due to his prior felony convictions.

Prior to sentencing, the prosecution submitted a court reporter's transcript from one of defendant's Washington priors. It was from a 2002 Washington court hearing wherein defendant pleaded guilty to one count of "residential burglary." In the written

2

plea filed in that action, defendant stated he had been an accomplice to the unlawful entry of a residence "with the intent to commit a crime therein." According to the prosecutor, the victim caught defendant in the act. Defense counsel stated the victim caught two men leaving her home. The Washington court set a hearing to discuss restitution in an amount up to $500. This was the victim's out-of-pocket costs, as her insurance was covering "some damage to the structure . . . ." No other evidence concerning defendant's burglary priors was submitted.

At sentencing in this matter, the court began the hearing by informing defendant that although he had been told he would serve his commitment in the county jail, he may be asking to withdraw his plea based on the effect his prior Washington felonies could have. The court asked defendant if he wanted to trail the matter or go forward. Defendant stated he was prepared to go forward with sentencing.

The following dialogue then occurred:

"THE COURT: All right. Sir, do you understand at the time of your plea you were told that this sentence would result in -- it was a stipulated low-term sentence of 16 months, but you were told that it would be served in the Tehama County Jail. [¶] Do you understand that the sentence today would be the same length of time, the low-term sentence; however, the place in which you would serve that sentence would be in State Prison. [¶] Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: And you wish to go forward today?

"THE DEFENDANT: Yes."

Defense counsel then asked the court to follow the probation department's recommendation. His only dispute concerned probation's calculation of credits. The court noted probation had not taken into account "the prior serious or violent felony" in determining credits. The court trailed the case to look at the issue of credits.

3

Later that afternoon, with a different prosecutor present, the court stated: "I know you weren't here this morning, [prosecutor], but there was a transcript that was submitted. Defense Counsel had an opportunity to look at that, and did not contest the fact that the Defendant had a similar residential burglary in another state, and had conceded the point that the ultimate place of incarceration would be prison." Defendant did not object to the court's statement.

The court sentenced defendant to 16 months in state prison. Defendant raised no objection.

## DISCUSSION

### I

### *Sentence to State Prison Instead of County Jail*

Defendant contends the court erred in sentencing him under realignment to state prison instead of the county jail. He claims his 2002 Washington conviction did not trigger a state prison term because it did not qualify as a serious felony conviction under California law. Defendant recognizes he did not object to the sentence, but he asserts no objection was required to preserve his claim as the sentence was, in his terms, an "unlawful" sentence.

The Attorney General argues defendant's contention is not properly before us due to forfeiture, waiver, or estoppel. Defendant did not raise his contention in the trial court, and the sentence was not an unauthorized sentence that we can review without an objection made below. We agree with the Attorney General.

Sentencing claims are not exempted per se from an objection requirement. (*People v. Welch* (1993) 5 Cal.4th 228, 234-236 (*Welch*).) "As pertinent here, the 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. . . .

4

"Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.] . . . It does not follow, however, that nonwaivable error is involved whenever a prison sentence is challenged on appeal. (Cf. [Pen. Code,] § 1238, subd. (a)(10) [People's right to appeal 'unlawful sentence' includes any sentence 'not authorized by law,' but excludes court's 'choice' of the lower, upper, or middle term or consecutive terms of imprisonment.].)

"In essence, claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner. In *Welch*, *supra,* 5 Cal.4th 228, for example, we held that a contemporaneous objection is required when the court grants probation to an eligible defendant under conditions believed to be 'unreasonable.' Although the defendant claimed in *Welch* that the 'reasonableness' requirement could not be waived because it was statutorily mandated, we characterized the issue in far different terms: '[Defendant] essentially argues only that the court exercised its otherwise lawful authority in an erroneous manner under the particular facts. . . . [P]robation conditions are rarely invalidated on this basis, and the appellate court is not best suited to determining how such an outcome might affect the defendant's suitability for probation. Traditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court.' (*Id.*, at p. 236.)" (*People v. Scott* (1994) 9 Cal.4th 331, 354-355, fn. omitted.)

Similar considerations apply to defendant's sentencing claims here. Defendant does not dispute that the trial court, assuming the Washington prior qualified as a serious felony under California law, was authorized, indeed, required to impose a state prison term under the realignment law. Rather, defendant argues only that the court exercised its lawful authority in an erroneous manner under the particular facts. Such fact-specific

5

errors are not readily susceptible to correction on appeal, and thus do not constitute an unauthorized sentence. They require an objection be made at trial before challenging them on appeal. Defendant's failure to object forfeits his claim here.

Not only did defendant forfeit his claim, he waived it as well. His acceptance of the plea bargain, with its state prison term, waived any rights defendant had to challenge the sentence. " 'When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.' [Citation.]" (*People v. Hester* (2000) 22 Cal.4th 290, 295, quoting *People v. Couch* (1996) 48 Cal.App.4th 1053, 1057.)

Defendant expressly agreed to serve a state prison term. The trial court informed defendant any plea would require a state prison term, and it gave defendant the opportunity to withdraw his plea in light of that knowledge. Defendant refused to withdraw his plea and asked to proceed with sentencing under the new agreement. His attorney then asked the court to follow the probation department's recommendation -- custody in state prison. By entering into the plea bargain for a state prison term, defendant waived any claim he had to a term in county jail.

II

*Court Facilities Assessment*

Defendant contends the trial court erred when it imposed a criminal conviction assessment under Government Code section 70373, subdivision (a)(1), in the amount of $35. We agree. By statute, the assessment is limited to $30 for each felony. We modify the assessment accordingly.

DISPOSITION

The clerk of the trial court is directed to prepare an amended abstract of judgment that states a criminal conviction assessment is imposed under Government Code section

6

70373 in the amount of $30, and to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


      NICHOLSON     , Acting P. J.


We concur:


      ROBIE          , J.


      DUARTE       , J.