Filed 6/16/15  P. v. Thammavongsa CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066197 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE339677) |
| THAVONE THAMMAVONGSA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Thavone Thammavongsa stipulated to plead guilty to a burglary charge (Pen. Code,[1] § 459) in exchange for the People dismissing a forgery charge (§ 470, subd. (d)), and on condition he be sentenced to two years in local prison.  On appeal, Thammavongsa contends the court abused its discretion by declining to impose a split sentence under section 1170, and failing to state reasons for its ruling.  He alternatively contends his counsel provided ineffective assistance by failing to request a detailed statement of the court's reasons for the sentence imposed.

We conclude that Thammavongsa has forfeited any claim of sentencing error.  Further, Thammavongsa's counsel was not ineffective for failing to request additional explanations for the sentence imposed.  We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The factual basis for Thammavongsa's plea was that in November 2013, he had entered the "Sycuan Casino building with the intent to commit theft therein."  Before taking the plea, the court told Thammavongsa:  "So it's possible that you could do the full two years in custody.  It's also possible the court could split it up such that you did one year in custody and one year mandatory supervision.  Do you understand that?"  Thammavongsa replied in the affirmative.

The probation department declined to recommend a split sentence, stating in a report:  "[Thammavongsa] has been given every opportunity to take advantage of services while on supervision both as a juvenile and as an adult.  He has an established

---

[1]     All statutory references are to the Penal Code.

pattern of criminal behavior and of supervision revocations.  He has been on terms of supervision with probation, parole and mandatory supervision.  The defendant's multiple convictions, supervision violations, and the fact he has previously been sentenced to mandatory supervision are an indications [*sic*] that he is not amendable [*sic*] or suitable for another mandatory supervision term."

After reviewing the probation report, the court sentenced Thammavongsa to two years in custody, stating, "In this matter the court will sentence the defendant according to the stipulation of the parties.  [¶]  I have considered whether or not to split the sentence, and find that doing so would not be appropriate in this case."

DISCUSSION

Thammavongsa contends the trial court abused its discretion by denying him a split sentence without stating reasons for its decision.

Thammavongsa waived his right to appeal by failing to object at the time of sentencing.  (*People v. McCullough* (2013) 56 Cal.4th 589, 594-595; *People v. Smith* (2001) 24 Cal.4th 849, 852-853.)  Although a court is generally required to state its reasons for its discretionary sentencing choices on the record, a defendant cannot complain for the first time on appeal about the court's failure to do so.  (*People v. Scott* (1994) 9 Cal.4th 331, 349-351, 353.)  "Where defendants have pleaded guilty in return for a *specified sentence*, appellate courts are not inclined to find error even though the trial court acts in excess of jurisdiction in reaching that figure, as long as the court does not lack *fundamental jurisdiction.*  [Citations.]  The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to 'trifle

3

with the courts' by attempting to better the bargain through the appellate process." (*People v. Nguyen* (1993) 13 Cal.App.4th 114, 122-123, italics added; accord, *People v. Couch* (1996) 48 Cal.App.4th 1053, 1058 ["[D]efendant must be estopped from challenging his sentence because he agreed to accept it and thereby waived the alleged errors which he now claims occurred."].)  Furthermore, defense counsel did not render ineffective assistance by declining to object that the trial court did not explain further its reasons for the sentence imposed.  (*People v. Bradley* (2012) 208 Cal.App.4th 64, 90 ["Failure to raise a meritless objection is not ineffective assistance of counsel."].)

DISPOSITION

The judgment is affirmed.


O'ROURKE, J.

WE CONCUR:

BENKE, Acting P. J.

HUFFMAN, J.