Filed 6/16/22  P. v. Sloan CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>PHILIP WAYNE SLOAN, JR.,<br><br>   Defendant and Appellant. | F083535<br><br>(Super. Ct. No. 21CR-01991)<br><br>**OPINION** |

<u>**THE COURT**</u>\*

APPEAL from a judgment of the Superior Court of Merced County.  Steven K. Slocum, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Hill, P. J., Detjen, J. and Franson, J.

Appointed counsel for defendant Philip Wayne Sloan, Jr., asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant responded, contending (1) he should not have been convicted of both possession of a firearm by a felon and possession of ammunition by a person prohibited from owning or possessing a firearm because they are essentially the same offense, (2) the terms on those two convictions should not run consecutively, and (3) the firearm enhancement violates the prohibition against double jeopardy. Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND[1]

Based on acts defendant committed on May 21, 2021, the Merced County District Attorney filed an information on July 27, 2021, charging defendant with attempted second degree robbery (Pen. Code, §§ 664, 211;[2] count 1), carrying a loaded and unregistered handgun (§ 25850, subd. (a); count 2), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 3), possession of ammunition by a person prohibited from owning or possessing a firearm (§ 30305, subd. (a)(1)); count 4), and misdemeanor resisting a police officer (§ 148, subd. (a)(1); count 5). As to count 1, the information further alleged defendant personally used a firearm in the commission of the crime (§ 12022.53, subd. (b)).

On October 26, 2021, defendant pled no contest to counts 1, 3, and 4, and he admitted an amended firearm use allegation on count 1 (§ 12022.5, subd. (a)) in exchange for a specific sentence of seven years two months (later corrected to seven years

---

[1]    The record does not provide for a factual summary.

[2]    All statutory references are to the Penal Code.

2.

four months), based on imposition of the midterm for count 1 and consecutive eight-month terms on counts 3 and 4.

On November 1, 2021, the trial court sentenced defendant to seven years four months in prison as follows:  on count 1, two years, plus four years for the firearm enhancement; and on both counts 3 and 4, eight consecutive months.  The court awarded credits and imposed various fines and fees.

On November 8, 2021, defendant filed a notice of appeal.

## DISCUSSION

### I.    Same Offenses

Defendant contends his convictions on counts 3 and 4 were essentially for the same offense, merely stated differently.  However, he mistakenly describes count 4 as "possession of a firearm by a person …," when the offense is actually "possession of *ammunition* by a person …."  The offenses are therefore not the same.

### II.    Sentence Imposed

Defendant agreed to a negotiated plea bargain for a specific sentence.[3]  He received the benefit of his bargain and is therefore not in a position to complain about the nature or correctness of the bargained-for sentence.  (See, e.g., *People v. Couch* (1996) 48 Cal.App.4th 1053, 1056–1058.)

### III.    Conclusion

Having undertaken an examination of the entire record, we find no evidence of arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

---

[3]    As noted above, defendant agreed to modify the originally agreed-upon sentence from seven years two months to seven years four months.