Filed 11/19/24  P. v. Tiznado CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>GILBERTO TIZNADO,<br><br>  Defendant and Appellant. | F087729<br><br>(Super. Ct. No. F19907154)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Peña, Acting P. J., Smith, J. and De Santos, J.

Pursuant to a plea bargain, defendant Gilberto Tiznado (defendant) pled guilty to first degree murder and admitted a deadly weapon enhancement. In accordance with the plea bargain, the trial court sentenced defendant to 25 years to life and stayed a one-year sentence for the deadly weapon enhancement. On appeal, defendant contends that the stayed sentence on the deadly weapon enhancement should be stricken because the court lacked the authority to impose a stay. We dismiss this appeal.

## BACKGROUND

On October 19, 2019, defendant attacked his mother with a hammer, apparently while he was experiencing a bout of methamphetamine induced paranoia. Defendant's mother died as a result of the attack.

On October 21, 2019, a felony complaint was filed against defendant. The complaint alleged a single count of first degree murder in violation of Penal Code section 187, subdivision (a).[1] The complaint included a deadly weapon enhancement under section 12022, subdivision (b)(1).

On November 29, 2023, defendant changed his plea and pled guilty to first degree murder and admitted the deadly weapon enhancement. Defendant pled guilty pursuant to a plea bargain. The plea bargain provided in relevant part that the sentence on the deadly weapon enhancement would be stayed.

On January 4, 2024, a sentencing hearing was held. The trial court sentenced defendant to 25 years to life for the first degree murder offense and one year on the deadly weapon enhancement. In accordance with the plea bargain, the court stayed the one-year sentence for the deadly weapon enhancement.

On March 1, 2024, the Fresno County Superior Court received defendant's notice of appeal. The notice included a request for a certificate of probable cause. The request for a certificate of probable cause focused primarily on the trial court's ruling on a

---

[1] All further statutory references are to the Penal Code.

2.

pretrial motion in limine.  The court denied defendant's request for a certificate of probable cause on March 11, 2024.

## DISCUSSION

### I. PARTIES' ARGUMENTS

Defendant argues that, despite the plea bargain, the trial court lacked the authority to stay the sentence on the deadly weapon enhancement.  Defendant argues that the one-year stayed sentence should be stricken because it is an unauthorized illegal sentence.  Additionally, in reply, defendant argues in part that he is not estopped from raising the illegality of his sentence because he is raising a pure question of law and the parties do not have the ability to agree to an inherently illegal sentence.

The People argue that defendant is precluded from challenging the stay.  First, the People argue that defendant cannot raise the issue because he did not obtain a certificate of probable cause.  Second, the People argue that because defendant agreed to, and advocated for, the trial court to stay the one-year sentence, defendant is estopped from challenging the stay on appeal.  Alternatively, the People agree that if defendant is able to challenge the stay, the appropriate remedy is to strike the one-year sentence.

### II. LEGAL STANDARD

Generally, an "unauthorized sentence" may be challenged on appeal even in the absence of an objection to the trial court.  (*In re G.C.* (2020) 8 Cal.5th 1119, 1129–1130; *People v. Hester* (2000) 22 Cal.4th 290, 295 (*Hester*).)  However, if a defendant pleads " 'guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction.' " (*People v. Buttram* (2003) 30 Cal.4th 773, 783 (*Buttram*); *Hester*, at p. 295; *People v. Kelly* (2022) 87 Cal.App.5th 1, 8 (*Kelly*) review granted Mar. 22, 2023, S278503; see *People v. Couch* (1996) 48 Cal.App.4th 1053, 1056 (*Couch*).)  The rationale for this rule is that " 'defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to

better the bargain through the appellate process.' " (*Buttram*, at p. 783; *Hester*, at p. 295; *Kelly*, at p. 8; *Couch*, at p. 1056.)

## III.    ANALYSIS[2]

There is no dispute that defendant entered into a plea bargain to resolve the murder charge and deadly weapon enhancement alleged against him.  There is also no dispute that the plea bargain required the trial court to stay the sentence on the deadly weapon enhancement.  There is nothing before us to suggest that defendant did not agree to this term of the plea bargain.  To the contrary, the transcripts of the change of plea and sentencing hearings both include representations by defendant or his counsel (with defendant present) that defendant agreed that the sentence on the deadly weapon enhancement was to be stayed.  The trial court abided by the plea agreement and stayed the one-year sentence on the deadly weapon enhancement.  Therefore, the record clearly shows that defendant bargained for a specified sentence and the court imposed that specified sentence.  Because defendant received the sentence he specifically bargained for, he is estopped from attempting to trifle with the courts by challenging the stay and attempting to improve the bargain by striking the one-year sentence.  (*Buttram*, *supra*, 30 Cal.4th at p. 783; *Hester*, *supra*, 22 Cal.4th at p. 295; *Kelly*, *supra*, 87 Cal.App.5th at p. 8.; *Couch*, *supra*, 48 Cal.App.4th at p. 1056.)

Defendant does not argue that the trial court lacked fundamental jurisdiction to stay the sentence for the deadly weapon enhancement.  Instead, defendant argues that our Supreme Court's *Hester* decision involved a sentence in violation of section 654, and

---

**2** There is a split of authority on the issue of whether a certificate of probable cause is necessary when a defendant claims that a plea bargain includes an unauthorized illegal sentence.  (Cf. *People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1185–1186 [certificate required] with *People v. Loera* (1984) 159 Cal.App.3d 992, 998 [certificate not required].)  Because we conclude that defendant is estopped from challenging the stay of the deadly weapon enhancement, we need not decide which side of this split to adopt.

section 654 involves an assessment of facts rather than an inherently illegal sentence like the stayed enhancement here. We cannot agree with defendant.

First, a sentence that constitutes a double punishment in contravention of section 654 is an unauthorized sentence that violates the law. The fact that a factual analysis is involved to determine whether a sentence transgresses section 654 does not make the sentence anything less than a direct violation of California law. Therefore, *Hester* did involve an unauthorized illegal sentence. Second, *Hester* was applying a general principle that had been "long recognized by California cases." (*Buttram*, *supra*, 30 Cal.4th at p. 783; see also *Hester*, *supra*, 22 Cal.4th at p. 295.) That "long standing" principle was, unless a lower court acted in the absence of fundamental jurisdiction, a defendant is estopped from challenging a sentence to which he had agreed even if the court acted in excess of its jurisdiction. (*Buttram*, at p. 783; *Hester*, at p. 295.) *Hester* did not identify any exceptions to this rule, nor did it purport to limit application of this longstanding rule to cases involving an application of section 654 or to cases involving an assessment of the facts. (*Buttram*, at p. 783; *Hester*, at p. 295.) Indeed, *Hester* explained that California Rules of Court, rule 4.412(b), which provides that a defendant who agrees to a specified prison term abandons a section 654 claim,[3] was "merely [the codification of] *one* of the applications of the case law rule that defendants are estopped from complaining of sentences to which they agreed." (*Hester*, at p. 295, italics added.) Finally, defendant cites no cases that are on point or that would compel a conclusion that the rule recognized in *Hester* has no application here. In the absence of such authority,

---

[3] California Rules of Court, rule 4.412(b) reads: "By agreeing to a specified term in prison … personally or by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition against double punishment, unless that claim is asserted at the time the agreement is recited on the record."

we will not limit the rule recognized in *Hester* to cases involving a violation of section 654 or an assessment of the facts.

In sum, because defendant has not established that the trial court acted in the absence fundamental jurisdiction, and because defendant received the exact sentence for which he bargained, he is estopped from challenging the stay of the one-year sentence on the deadly weapon enhancement. (*Buttram*, *supra*, 30 Cal.4th at p. 783; *Hester*, *supra*, 22 Cal.4th at p. 295.)

## **DISPOSITION**

The appeal is dismissed.