Filed 3/28/25 P. v. Rodriguez CA6

Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTURO MURGUIA RODRIGUEZ,<br><br>    Defendant and Appellant. | H049398<br>(Monterey County<br>Super. Ct. No. 19CR012872) |

As part of a negotiated plea agreement, defendant Arturo Murguia Rodriguez pleaded no contest to charges of forcible rape, a lewd act upon a child under the age of 14, and assault with intent to commit a lewd act upon a child under the age of 18. Rodriguez admitted he committed the rape upon a child under the age of 14. The trial court imposed a stipulated sentence of 15 years in prison, including the upper term of 13 years on count 1.

On appeal, Rodriguez contends his case should be reversed and remanded for resentencing under amendments to Penal Code section 1170, subdivision (b)[1] enacted in Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567). In our previous unpublished opinion in this appeal, we concluded Senate Bill 567 applied retroactively to Rodriguez but we affirmed the judgment on the grounds that any sentencing error was harmless and remand was therefore unwarranted.

---

[1] Undesignated statutory references are to the Penal Code.

The California Supreme Court granted review and subsequently transferred the matter back to this court with directions to vacate our prior decision and reconsider the cause in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*).  We have vacated our prior opinion, and we now reconsider the matter.

For the reasons below, we conclude the matter must be remanded to give Rodriguez the opportunity to seek relief under section 1170 as amended by Senate Bill 567.  We reverse the judgment and remand with instructions accordingly.

## I.  PROCEDURAL BACKGROUND[2]

In 2021, Rodriguez entered into a plea agreement under which he pleaded no contest to three counts: count 1—forcible rape (§ 261, subd. (a)(2)); count 4—lewd act upon a child under the age of 14 (§ 288, subd. (a)); and count 7—assault with intent to commit a lewd act upon a child under the age of 18 (§ 220, subd. (a)(2)).  Rodriguez also admitted he committed the rape upon a child under the age of 14 (§ 264, subd. (c)(1)).  In exchange, Rodriguez would receive a stipulated sentence of 15 years in prison, including the upper term of 13 years on count 1, and the trial court would dismiss the remaining counts.

The prosecution and defense counsel stipulated that a factual basis for the plea was supported by the police reports and preliminary hearing transcripts relating to the charged offenses.  Rodriguez personally agreed with this stipulation when questioned by the trial court.  He also executed a written plea and waiver form providing, among other things, "I agree there is a factual basis for the plea and that I am responsible for committing each

---

[2] The facts of the offenses are immaterial to our analysis.

2

element of each crime to which I plead guilty or no contest and of each special allegation I admit."

In July 2021, the trial court imposed the stipulated sentence, consisting of the upper term of 13 years on count 1, a consecutive two-year term (one-third the middle term) on count 4, and a concurrent seven-year term (the middle term) on count 7.

In our prior nonpublished opinion on appeal, we affirmed the judgment, and Rodriguez petitioned the California Supreme Court for review. The Court granted review and deferred action in the matter pending its decision in *Lynch*, *supra*, 16 Cal.5th 730. Upon deciding *Lynch*, the Court transferred the matter back to this court with directions to vacate our prior decision and reconsider the cause in light of *Lynch*. We vacated our prior opinion accordingly.

## II. DISCUSSION

Rodriguez contends he is entitled to remand for resentencing under a retroactive application of Senate Bill 567 because the trial court imposed the upper term on count 1 without any aggravating facts found true by a jury or the court, and without his stipulation to any such facts. The Attorney General contends remand is unwarranted because Rodriguez stipulated to imposition of the upper term under the terms of his plea agreement. Consistent with our decision in *People v. Todd* (2023) 88 Cal.App.5th 373 (*Todd*), we reaffirm that section 1170, subdivision (b) applies retroactively even where the defendant agreed to the upper term as part of a negotiated disposition.[3] Applying the standards of review set forth in *Lynch*, *supra*, 16 Cal.5th 730, and *People v. Gutierrez* (2014) 58 Cal.4th 1354 (*Gutierrez*), we conclude remand for resentencing is warranted.

---

[3] The California Supreme Court granted review of our decision in *Todd* and deferred action pending the Court's consideration and disposition of a related issue in its review of *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted Dec. 14, 2022, S277314 (*Mitchell*).

3

## A. *Appellate Waiver and Estoppel*

As a threshold matter, we address the Attorney General's contention that Rodriguez's claim is not reviewable because he entered an appellate waiver as part of his negotiated plea agreement.

Rodriguez signed a plea form purportedly waiving "all rights regarding state and federal writs and appeals," including "the right to appeal [his] conviction, the judgment, or any other orders previously issued by this court." For the purposes of appellate waiver analysis, this language sets forth a nonspecific, general waiver. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 85, fn. 11.) A general waiver of appeal "does not preclude an appeal from an unforeseen error that occurs after the waiver is entered because such a waiver is not knowing and intelligent," and that same rule applies where "the 'error' is a ruling contravened by a subsequent change in law." (*People v. Castellanos* (2020) 51 Cal.App.5th 267, 272.) "While we construe plea agreements according to general contract principles, a plea is generally deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws." (*Ibid.*, citing *Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Doe*).) That the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them. (*Doe*, at p. 66.)

Rodriguez's appellate waiver could not be knowing, intelligent, and voluntary as to the changes effected by Senate Bill 567 because those changes took place after Rodriguez executed the waiver, and after the court imposed sentence in his case. (See § 1016.8, subd. (a)(1) ["plea agreements are deemed to incorporate the reserve power of the state to amend the law or to enact additional laws for the public good" and "[t]hat the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them"]; *People v. French* (2008) 43 Cal.4th 36, 48.) Accordingly, we determine that Rodriguez has not waived his right to appeal this claim.

4

The Attorney General also argues that Rodriguez is estopped from challenging his sentence because he received the benefit of his bargain when the court imposed the sentence he agreed upon as part of the plea agreement. In support of this argument, the Attorney General relies on *People v. Couch* (1996) 48 Cal.App.4th 1053, 1057. In that case, this court held that where a defendant received a benefit in return for agreeing to accept a specified sentence, he was estopped from pursuing an appeal of the trial court's imposition of the sentence he agreed to accept.

Here, Rodriguez is not estopped from pursuing his claim because he is not challenging the validity of his sentence. Instead, he is seeking the retroactive application of a later enacted ameliorative provision. (Cf. *People v. Stamps* (2020) 9 Cal.5th 685, 696 (*Stamps*) [holding that a certificate of probable cause was not required because defendant was not challenging the validity of the plea but was instead seeking application of a subsequently enacted sentencing provision].)

Because Rodriguez's claim is not barred by an appellate waiver or the principles of estoppel, we consider the merits of his claim.

## B. Application of Senate Bill No. 567

### 1. Amended Section 1170, Subdivision (b) Applies Retroactively

At the time of Rodriguez's sentencing, section 1170, subdivision (b) provided that the choice between sentencing a defendant to the lower, middle, or upper term "shall rest within the sound discretion of the court." (Former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 14.) Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b) to make the middle term the presumptive sentence. (Stats. 2021, ch. 731, § 1.) As amended by Senate Bill 567, section 1170, subdivision (b)(2) provides that the trial court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances

5

have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

The California Supreme Court has retroactively applied section 1170 as amended to cases not final on appeal. (*Lynch*, *supra*, 16 Cal.5th at p. 749.) Rodriguez's case was not final when the amendments to section 1170 took effect.

### 2. *Senate Bill No. 567 Applies Retroactively to a Stipulated Sentence*

*Lynch* concerned a trial court's sentencing following a conviction by jury. (*Lynch*, *supra*, 16 Cal.5th at p. 744.) The *Lynch* Court therefore did not address the application of Senate Bill 567 to a sentence imposed as the result of a negotiated disposition. Because the trial court in this case imposed the upper term on count 1 as part of a negotiated disposition with a stipulated sentence, we must determine whether Rodriguez is entitled to the benefit of the amendments to section 1170, subdivision (b).

The California Courts of Appeal are split on whether a defendant who received an upper term under a plea agreement with a stipulated sentence is entitled to remand under Senate Bill 567. (See *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1057 (*De La Rosa Burgara*) [defendant entitled to remand]; *Todd*, *supra*, 88 Cal.App.5th at pp. 381-382 [same]; *People v. Fox* (2023) 90 Cal.App.5th 826, 831 [same]; *Mitchell*, *supra*, 83 Cal.App.5th at pp. 1057-1059 [defendant not entitled to remand]; *People v. Sallee* (2023) 88 Cal.App.5th 330, 333-334 [same].) The California Supreme Court granted review in *Mitchell* to address the conflict.[4]

Relying on *Mitchell*, *supra*, 83 Cal.App.5th 1051, the Attorney General argues that Rodriguez is not entitled to the ameliorative effect of section 1170, subdivision (b). The Court of Appeal in *Mitchell* observed that the language of amended section 1170,

---

[4] The question on review in *Mitchell* is: " 'Does Senate Bill No. 567 (Stats. 2021, ch. 731), which limits a trial court's discretion to impose upper term sentences, apply retroactively to defendants sentenced pursuant to stipulated plea agreements [i.e., plea agreements with a stipulated sentence]?' " (*People v. Kelly* (2022) 87 Cal.App.5th 1, 4, fn. 2.)

subdivision (b)(1) "states that where an offense provides for a sentencing triad, the trial court 'shall, in its *sound discretion*, order imposition of a sentence not to exceed the middle term except as otherwise provided in paragraph (2).' (Italics added.)" (*Mitchell*, at p. 1058, quoting section 1170, subdivision (b)(1).) The Court reasoned that the amended statute was not intended to apply to sentences imposed pursuant to a stipulated plea agreement because the trial court lacks discretion to select the sentence in the first place. (*Id.* at p. 1058.)

In *Todd* we disagreed with the rationale of *Mitchell*. We concluded instead that, absent the articulation of aggravating facts stipulated to by a defendant or found true beyond a reasonable doubt by a factfinder, or absent a valid waiver of those requirements, "the imposition of the aggravated term is outside the discretion of the sentencing court under newly amended section 1170, subdivision (b)." (*Todd*, *supra*, 88 Cal.App.5th at p. 379.) We noted further the necessity to reconcile amended section 1170, subdivision (b) under the circumstances of a plea agreement with the Legislature's passage in 2019 of section 1016.8. (*Ibid*.) Section 1016.8 codified the California Supreme Court's holding in *Doe, supra*, 57 Cal.4th 64, that "plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good." (§ 1016.8, subd. (a)(1).) The statute states that "[a] plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments . . . that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) In *Todd*, we concluded that under section 1016.8, the parties' entry into a plea agreement that was accepted by the sentencing court did not have the effect of insulating the parties from the retroactive changes enacted by Senate Bill 567. (*Todd*, at p. 379.) We found persuasive the Legislature's decision not to limit the retroactive effect of this legislation, which indicated both its intent that the parties be bound by its amendment to the sentencing provision and that section 1016.8 be honored. (*Ibid*.)

Finally, in *Todd* we held that *Stamps*, *supra*, 9 Cal.5th 685 was instructive on the question whether an appellant whose upper-term sentence was imposed as the result of a negotiated disposition is entitled to the ameliorative effect of Senate Bill 567. (*Todd*, *supra*, 88 Cal.App.5th at p. 380.) In *Stamps*, the defendant, who pleaded guilty in exchange for a specified term, requested remand for the trial court to consider striking his prior serious felony conviction under amendments to section 1385, subdivision (a), which took effect while his appeal was pending. (*Stamps*, at p. 692.) Although Stamps admitted the prior conviction as part of a negotiated disposition, the Supreme Court held he should be given the opportunity to seek the trial court's exercise of its newly authorized discretion under the amended section 1385. (*Stamps*, at p. 707.) Despite the distinctions between the ameliorative statutes at issue in the two cases, we concluded there was no reason to treat the parties in *Todd* differently from those in *Stamps*. (*Todd*, at p. 380). As in *Stamps*, a defendant in this position would be entitled to remand absent a showing of harmlessness.

For the reasons set forth in *Todd*, we conclude that Rodriguez's assent to the upper term on count 1 as a condition of his negotiated plea agreement does not negate the requirements imposed on the court by amended section 1170, subdivision (b). The trial court sentenced Rodriguez to the upper term based solely on the fact that the sentence was a term of his negotiated plea agreement. It did not state on the record that it relied upon any aggravating factors when sentencing Rodriguez to that term. Because the court's imposition of the upper term failed to comply with the requirements of section 1170, subdivision (b) as amended by Senate Bill 567, remand for resentencing is required unless we determine the error was harmless.

## C. *Remand Is Warranted*

In our previous decision in this matter, we concluded that although Senate Bill 567 applied retroactively to Rodriguez's case, remand was unnecessary because the trial court could have imposed the upper term on count 1 based on an aggravating circumstance that

was implied by the negotiated disposition—specifically, that because the trial court imposed a concurrent term on count 7, Rodriguez "was convicted of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences are being imposed." (Cal. Rules of Court, rule 4.421(a)(7).)

The California Supreme Court subsequently decided *Lynch*, *supra*, 16 Cal.5th 730, which clarified the prejudice standard by which courts of review should determine whether to remand for resentencing. "[A] court reviewing a case where the former version of section 1170(b) was employed must apply the *Chapman* standard of review. [Citation.] Accordingly, in a case where the judgment is not yet final, a sentence imposed under former section 1170(b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute." (*Lynch*, 16 Cal.5th at pp. 742-743.) Furthermore, under *Gutierrez*, *supra*, 58 Cal.4th 1354, "for sentences imposed under the former law the record must clearly indicate that the court would have found an upper term justified had it been aware of its more limited discretion." (*Lynch*, at p. 743.)

In his supplemental respondent's brief, the Attorney General argues that the reasoning of *Lynch* supports his position that no remand is warranted where the trial court imposed an upper term in accord with a negotiated disposition under the pre-amendment version of section 1170, subdivision (b). We do not read *Lynch* so broadly, and we find nothing in its reasoning that contradicts our analysis above based on *Todd*, s*upra*.

The Attorney General acknowledges, however, that *Lynch* implies our prior harmless error analysis erred insofar as we concluded remand was unnecessary because the trial court could have relied on the imposition of a concurrent term on count 7 to justify the aggravated term imposed on count 1. On this point, we agree. In the context

9

of sentencing following a jury trial, *Lynch* held the *Chapman*[5] beyond-a-reasonable-doubt standard of review applies to true findings on "*all* of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute. [Citation.]" (*Lynch*, *supra*, 16 Cal.5th at p. 743, italics added.) The plain language of section 1170, subdivision (b) includes no express exception for stipulated sentences with imposition of an upper term as part of a plea agreement—at least not for plea agreements in which the defendant does not stipulate to the specific aggravating facts justifying an upper term. And Rodriguez did not stipulate to any specific aggravating facts beyond those implied by the elements of the offenses he pleaded to.

Furthermore, subdivision (b)(5) of section 1170 provides in part, "The court shall set forth on the record the facts and reasons for choosing the sentence imposed." Here, the trial court at sentencing did not set forth any facts or reasons for imposing an upper term on count 1 except to say the upper term was part of the stipulated sentence. Thus, even assuming some aggravating factor was necessarily implied by the terms of Rodriguez's plea—e.g., by pleading to crimes for which consecutive sentences could have been imposed but for which concurrent sentences were imposed—we cannot know whether the court would have relied on that specific factor as grounds for imposing an upper term. Moreover, " '[t]he reviewing court cannot assume that the record reflects all of the evidence that would have been presented to the jury, or that the defendant had the same incentive and opportunity at a sentencing hearing to contest the aggravating circumstance.' " (*Lynch*, *supra*, 16 Cal.5th at p. 775.) We therefore cannot determine that *every* aggravating fact the trial court would have relied on would be found true by a jury beyond a reasonable doubt under the standard set forth in *Lynch*. Moreover, " 'The reviewing court cannot assume that the record reflects all of the evidence that would have

---

[5] *Chapman v. California* (1967) 386 U.S. 18.

10

been presented to the jury, or that the defendant had the same incentive and opportunity at a sentencing hearing to contest the aggravating circumstance.' " (*Lynch*, *supra*, 16 Cal.5th 730 at p. 775.)

We also cannot determine from the record whether the trial court would have imposed an upper term even if aggravating factors were properly found, so remand is also warranted under *Gutierrez*, *supra*, 58 Cal.4th 1354. "[T]he 2022 amendment to section 1170(b)(1) and (2) altered the scope of the trial court's discretion. As a result, for sentences imposed under the former law the record must clearly indicate that the court would have found an upper term justified had it been aware of its more limited discretion." (*Lynch*, *supra*, 16 Cal.5th at p. 743, citing *Gutierrez*, at p. 1390.) " '[W]hen the applicable law governing the defendant's sentence has substantively changed after sentencing, it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing.' [Citation.]" (*Lynch*, at p. 776, quoting *People v. Salazar* (2023) 15 Cal.5th 416, 425.) " '[M]ere reliance on the length of the original sentence and attendant decisions, such as imposing consecutive sentences, imposing middle or upper term sentences, or declining to strike enhancements, is not sufficient to provide a clear indication of what a sentencing court might do on remand if it had been fully aware of the scope of its discretionary powers.' [Citation.]" (*Lynch*, *supra*, 16 Cal.5th at p. 777.)

Here, the trial court made no such "attendant decisions" at all; the court simply imposed the agreed-upon sentence. The record is therefore insufficient to provide a clear indication of what the court might do on remand with full awareness of its more limited discretion.

We conclude remand is necessary.

### D. *Procedure on Remand*

The Attorney General argues that, if we conclude remand is warranted, the remand must be limited in accordance with *Stamps*, *supra*, 9 Cal.5th 685. Stamps entered a plea

agreement for a specified term that included a prior serious felony enhancement (§ 667, subd. (a)). (*Stamps*, at p. 692.) While his appeal was pending, a new law took effect permitting the trial court to strike a serious felony enhancement in furtherance of justice (§ 1385, subd. (a)), which the trial court was not previously authorized to do. Stamps requested that his case be remanded for the trial court to consider striking his serious felony prior conviction under the amended section 1385, subdivision (a) while otherwise maintaining the plea agreement. (*Stamps*, at p. 692.) The California Supreme Court held Stamps was entitled to a remand to request that the trial court exercise its discretion, "but if the court chooses to strike the enhancement, its decision will have consequences to the plea agreement." (*Ibid.*)

Specifically, the Court held, "[T]he [trial] court is not authorized to unilaterally modify the plea agreement by striking the serious felony enhancement but otherwise keeping the remainder of the bargain. If the court indicates an inclination to exercise its discretion under section 1385, the prosecution may, of course, agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement . . . .' [Citation.] Further, the court may withdraw its prior approval of the plea agreement." (*Stamps, supra*, 9 Cal.5th at pp. 707-708.)

The Attorney General's position on this point is consistent with our application of *Stamps* in *Todd*, *supra*, 88 Cal.App.5th at pages 381-382. The same analysis applies here. We will therefore remand with instructions to the trial court consistent with those set forth in *Todd*, subject to one additional caveat: The Legislature in recent years has enacted numerous other ameliorative sentencing statutes—for example, section 1171, discussed in section II.E below. We address section 1171 only because Rodriguez has raised it in his supplemental briefing, and the Attorney General has responded. Absent briefing from the parties and a sufficiently developed record, we will not conduct a

12

complete examination of all the possible ways numerous other statutes might affect the procedures outlined below. Therefore, we set forth the following procedures on remand subject to the requirements of any other applicable sentencing laws, which may be raised by the parties below.

We will remand the matter to give Rodriguez the opportunity to seek relief. Like the defendant in *Stamps*, Rodriguez may choose whether to waive or invoke the requirements of section 1170, subdivision (b) as amended by Senate Bill 567. If he waives those requirements, the trial court may reinstate the original sentence, provided it complies with any other applicable sentencing requirements.

If Rodriguez does not waive the requirements of section 1170, subdivision (b) as amended, the trial court must determine whether the upper term can be imposed in compliance with the statute as amended. If the court determines that it can impose the original sentence in compliance with section 1170 as amended, the sentence may stand. If the prosecution does not agree to a reduced sentence, or if the trial court no longer approves of the plea agreement to a reduced sentence, the court must return the parties to the status quo. (*Fox*, *supra*, 90 Cal.App.5th at p. 835; *Todd*, *supra*, 88 Cal.App.5th at pp. 381-382.) However, if Rodriguez stipulates under subdivision (b)(2) of section 1170 to an aggravating circumstance that justifies the imposition of the upper term on count 1, or if the prosecution proves such an aggravating circumstance to a jury or the court beyond a reasonable doubt, the trial court may impose the upper term on count 1, subject to the other provisions of section 1170. (See *De La Rosa Burgara*, *supra*, 97 Cal.App.5th at pp. 1063-1064.) But if Rodriguez does not so stipulate, and the prosecution fails to prove the truth of any aggravating circumstance that justifies the imposition of the upper term, the trial court shall find that the sentence on count 1 may not exceed the middle term. (*Id.* at p. 1064.)

*E.  Assembly Bill No. 2483*

Rodriguez contends that on remand he may be entitled to resentencing under newly enacted section 1171 instead of the procedures described above.  He argues that under section 1171, a reduction in sentence no longer serves as a basis for the prosecutor to rescind the plea agreement.  Rodriguez asks that we "permit the trial court to determine in the first instance whether [section 1171] applies to resentencing proceedings under section 1170, subdivision (b), and whether any reduction of Mr. Rodriguez's sentence should be a basis for the People or the court to withdraw from his plea agreement."

The Attorney General contends section 1171 does not apply on remand in this case.  He argues that the plain language of section 1171, viewed in the context of the entire statute, and the Legislature's intent as documented by various legislative materials, establish that the procedures on remand from a direct appeal would not constitute a "postconviction proceeding" within the meaning of subdivision (a).

*1.  Background*

In 2024, the Legislature enacted Assembly Bill No. 2483, adding section 1171 to the Penal Code effective January 1, 2025.  (Stats. 2024, ch. 964, § 2.)  Section 1171, subdivision (c) sets forth procedures and rules applicable to "all postconviction proceedings unless there is a conflict with a more specific rule established in statute, in which case the more specific statute shall apply."  Among other rules, subdivision (c) provides, "(3) Any changes to a sentence shall not be a basis for a prosecutor or court to rescind a plea agreement."  (§ 1171, subd. (c)(3).)

Subdivision (a) of section 1171 defines "postconviction proceeding" as "a proceeding to modify a sentence or conviction pursuant to an ameliorative statute."  Subdivision (a) further provides, "Ameliorative statutes include, but are not limited to, Sections 1170.18, 1172.1, 1172.6, 1172.7, and 1172.75."  (§ 1171, subd. (a).)

14

## 2. *The Applicability of Penal Code Section 1171 Is Not Ripe for Adjudication*

We decline to instruct the trial court on whether it is permitted to sentence Rodriguez under section 1171, as that would constitute an advisory opinion on an issue not yet ripe for adjudication.

" 'The ripeness requirement . . . "prevents courts from issuing purely advisory opinions, or considering a hypothetical state of facts in order to give general guidance rather than to resolve a specific legal dispute." ' [Citation.] A controversy is not ripe until ' " 'the facts have sufficiently congealed to permit an intelligent and useful decision to be made.' " ' [Citation.]" (*People v. Cooks* (2023) 89 Cal.App.5th 1124, 1127 (*Cooks*).)

Nothing about section 1171—neither its express terms, nor its potential applications—makes it incumbent upon this court to advise the trial court on the applicability of that code section. The language of section 1171 does not expressly address its applicability to resentencing on remand; on its face, the statute neither prohibits nor requires that it be applied. The Attorney General accurately points out that nothing in the legislative history addresses the effect of *Stamps*, *supra*. Arguably, however, section 1171 could be potentially applicable under the express terms of the statute depending on certain events that might or might not occur on remand.

For example, subdivision (a) of section 1171 expressly includes "a proceeding to modify a sentence" under section 1172.1. Subdivision (a)(1) of section 1172.1 provides in part that "the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence. Recall and resentencing under this section may be initiated by the original

15

sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." But we cannot know whether the trial court on remand would exercise its discretion to resentence Rodriguez under section 1172.1. We therefore decline to opine on the applicability of section 1171 under such a scenario.

Alternatively, "postconviction proceeding" under subdivision (a) of section 1171 means "a proceeding to modify a sentence or conviction pursuant to an ameliorative statute." But Rodriguez may elect not to request resentencing under section 1170, subdivision (b) as amended. As we cannot know whether Rodriguez will decline to seek relief under the amended version of section 1170, subdivision (b), we decline to opine on the applicability of section 1171 in the event he does not.

Other possible events could affect a determination whether section 1171 applies on remand, but we need not detail them all. Suffice it to say that the issue is not ripe for adjudication because the circumstances have not " ' " 'sufficiently congealed to permit an intelligent and useful decision to be made.' " ' " (*Cooks*, *supra*, 89 Cal.App.5th at p. 1127.) We will leave the issue for the trial court's consideration, should the issue arise.

## III. DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion. On remand, Rodriguez may waive or invoke the requirements of Penal Code section 1170, subdivision (b), as amended by Senate Bill No. 567.

_____

Greenwood, P. J.

WE CONCUR:


_____

 Lie, J.


_____

 Wilson, J.


H049398 People v. Rodriguez